UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD A., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5633-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred "in finding the medical opinions of Bryan Zolnikov, Ph.D., unpersuasive." (Dkt. # 10 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1966 and previously worked as a cashier and stores laborer. AR at 30. Plaintiff applied for benefits in June 2018, alleging disability as of September 17, 2017. *Id.* at 165. Plaintiff's application was denied initially and on reconsideration. The ALJ held a hearing in September 2019, taking testimony from Plaintiff and a vocational expert. *See id.* at 37-73. In December 2019, the ALJ issued a decision finding Plaintiff not disabled since June 25, 2018. *Id.*

ORDER - 1

at 12-36. In relevant part, the ALJ found Plaintiff's severe impairments of dry eye age-related cataract, bilateral punctuate keratitis, hearing loss, chronic kidney disease, status post-right nephrectomy secondary to renal cell carcinoma, diabetes, obesity, major depressive disorder, and nightmare disorder limited him to light work subject to a series of further limitations. *Id.* at 18, 22. Based on vocational expert testimony the ALJ found Plaintiff could perform light jobs found in significant numbers in the national economy. *Id.* at 31-32. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

1  *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one
2  rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

The Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on "supportability" and "consistency" using the factors specified in the regulations. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). In addition to "supportability," and "consistency," the factors also include "relationship with the claimant," "specialization," and "other factors." *Id*. "Supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. *Id.; see also* Revisions to Rules, 82 Fed. Reg. 5844.

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he/she] considered the medical opinions" and "how persuasive [he/she] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a) and (b) (1), 416.920c(a) and (b) (1). The ALJ is specifically required to "explain how [he/she] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b) (2), 416.920c(b) (2). Because Plaintiff filed his application for benefits after March 2017, the revised regulations apply.

Dr. Zolnikov examined Plaintiff on February 2, 2017, and completed a DSHS form opinion describing his psychological symptoms and limitations. AR at 294-302. The ALJ found Dr. Zolnikov's opinion "unpersuasive" finding it was (1) based on Plaintiff's subjective statements – which, the ALJ determined, "cannot be given credence given their inconsistencies with the mental health treatment records of evidence and with the claimant's lack of significant depression or anxiety in most exams during the period of issue"; and (2) inconsistent with Dr. Zolnikov's own exam findings. *Id*. at 30.

Plaintiff first argues the ALJ erred in finding Dr. Zolnikov's opinion was based "entirely" on Plaintiff's self-report, contending instead that Dr. Zolnikov conducted a clinical interview and a mental status examination. (Dkt. # 17 at 3.) The record indicates Dr. Zolnikov relied on more than just Plaintiff's self-report. In addition to administering the MSE, Dr. Zolnikov reviewed Plaintiff's disability questionnaire and a previous psychological evaluation. AR at 282. The ALJ's finding that Dr. Zolnikov's opinion was based solely on Plaintiff's subjective statements is thus not supported by substantial evidence and the ALJ accordingly erred. However, because the ALJ provided a second and sufficient reason to discount Dr. Zolnikov's opinion, as discussed below, the error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Plaintiff next argues the ALJ erred in finding that Dr. Zolnikov's opinion was inconsistent with his own mental status examination findings. (Dkt. # 17 at 3.) However, the incongruity between Dr. Zolnikov's conclusion about Plaintiff's marked mental limitations and the concurrent mental examination findings is a specific and legitimate reason to discount the opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). Here, Dr. Zolnikov observed Plaintiff was within normal limits in every measurable category listed in the MSE: thought process and content, orientation, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgment. AR at 30, 285-86. The incongruity between Dr. Zolnikov's MSE observations and his conclusion that Plaintiff suffered from marked mental limitations is a reasonable basis for the ALJ to reject the opinion.

Finally, Plaintiff argues Dr. Zolnikov also noted depressed mood and affect in that Plaintiff appeared sad and anxious. (Dkt. # 17 at 3 (citing AR at 300).) However, the ALJ

acknowledged Plaintiff has major depressive disorder, that the disorder is severe, and that Plaintiff is thus limited to simple routine and unskilled work, with just superficial and intermittent public contact and occasional coworker contact. AR at 18, 22. Plaintiff fails to explain how Dr. Zolnikov's observation that Plaintiff appeared "sad" and depressed sets forth limitations that are greater than the limitations the ALJ found based upon Plaintiff's major depressive disorder. Plaintiff thus fails to meet his burden of establishing the ALJ harmfully erred in discounting Dr. Zolnikov's opinion. *See Molina*, 674 F.3d at 1111 ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.") (citation omitted). The Court accordingly finds the ALJ's determination to discount Dr. Zolnikov's opinion was supported by substantial evidence.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 5th day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge